## FLANDREAU v. FLANDROW.

(Supreme Court, Appellate Division, Second Department.   October 20, 1899.)

APPEAL AND ERROR—INSTRUCTIONS—NECESSITY OF EXCEPTIONS.

In an action for the conversion of stock, tried on the theory that a recovery should be measured by the value of the stock when delivered to defendants, a charge that its value should be determined as of the date of delivery, not excepted to by defendant, cannot be objected to on appeal.

Appeal from trial term, Kings county.

Action by Felix E. Flandreau against William H. Flandrow for the conversion of stock. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Abram Kling, for appellant.

Isaac M. Kapper, for respondent.

GOODRICH, P. J. In May, 1893, the plaintiff loaned to the defendant 93 shares of the capital stock of the Knickerbocker Ice Company, delivering to him the certificate therefor. The defendant gave a receipt in the following words:

"Received, Brooklyn, May 8, 1893, from F. E. Flandreau, ninety-three shares of Knickerbocker Ice Company stock, as a loan, and hereby promise to return same to him, and authorize my executors, administrators, or assigns to do the same.                                           W. H. Flandrow."

In July the stock was transferred on the books of the company to a firm of bankers. The plaintiff offered evidence to show that "some months" after the delivery of the stock to the defendant he demanded its return, but the defendant did not comply therewith, and this action is brought to recover the value of the stock. The plaintiff proved the value of the stock at about the time of the delivery and demand, and recovered a judgment for such value, less certain dividends received by him. From this judgment, and an order denying a new trial, the defendant appeals.

We do not consider it necessary to discuss the question of the amendment of the complaint at the trial, as it was clearly within the discretion of the court. Neither is the contention of the defendant well founded when he argues that the court was in error in its decision that the defendant was liable for the value of the stock as it was in May, 1893. The action was tried on the theory that the amount of recovery was to be ascertained by the value of the stock at the time of its delivery to the defendant, and when this was stated by the plaintiff's counsel the defendant's counsel did not dissent. There was evidence as to such value, and the court charged to that effect, without exception by the defendant. There is nothing in the record upon which to predicate any error in that respect. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.